In re M.C.H. 

TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00023-CV

In the Matter of M. C. H.

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. J-14,778, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING

PER CURIAM

 M. C. H., a juvenile, appeals the trial court's orders of adjudication and disposition. See
Tex. Fam. Code Ann. §§ 54.03, 54.04 (West 1996). The court determined that appellant committed the
offense of unlawfully carrying a weapon and placed him on six months' probation. Tex. Penal Code Ann.
§ 46.02(a) (West 1994).

 In his sole point of error, appellant contends that the absence of a transcription of his
suppression hearing entitles him to a new trial. The Family Code requires the trial court to record all
juvenile proceedings other than detention hearings. Tex. Fam. Code Ann. § 54.09 (West 1996).

 This Court has received a statement of facts from the adjudication and disposition hearings. 
Although the trial court's order denying appellant's motion to suppress evidence appears in the transcript,
no statement of facts has been provided from the hearing on that motion.

 Appellant timely requested the official court reporter to transcribe the testimony of all
witnesses at all pretrial hearings in the cause. See Tex. R. App. P. 53(a). In support of his motion to
supplement the appellate record, appellant filed the affidavit of the official reporter for the court that
conducted the suppression hearing. The reporter, Betty Haygood, avers that she did not report the hearing
and that no contract reporter filled in for her on the date of the hearing. She states that the audio tape on
which the proceedings for that day were recorded does not include the suppression hearing. Haygood
concludes that no statement of facts can be produced for the suppression hearing.

 The State concedes that the trial court's failure to have the suppression hearing recorded
entitles appellant to a new trial. Because the failure prevents appellant from properly presenting his case
to this Court, we sustain appellant's point of error. S.S. v. State, 879 S.W.2d 395, 397 (Tex.
App.--Eastland 1994, no writ); Tex. R. App. P. 81(b)(1).

 We reverse the court's orders of adjudication and disposition and remand the cause to the
trial court.

Before Justices Jones, Kidd and B. A. Smith

Reversed and Remanded

Filed: December 12, 1996

Do Not Publish